## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ÁNGEL LUIS CARDONA RÍOS; GLENN MICHAEL CARDONA ZAMBRANO; ERIC LEE CARDONA ZAMBRANO; ÁNGEL CARDONA PLAZA; and MIGNA TERESA RAMOS CARDONA<br><br>**PLAINTIFFS**<br><br>vs.<br><br>**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY; MAPFRE PRAICO INSURANCE COMPANY; PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; UNIVERSAL INSURANCE COMPANY; C INSURANCE COMPANY; CLIENT ABC; JOHN DOE; RICHARD ROE; Y CORPORATION; AB INSURANCE, CORP.; XY INSURANCE COMPANY; and PUERTO RICO AUTOMOBILE ACCIDENT COMPENSATION ADMINISTRATION**<br><br>**DEFENDANTS** | **CIVIL NO.:**<br><br><br><br>**CIVIL ACTION FOR DAMAGES (PLAINTIFFS DEMAND TRIAL BY JURY)** |

### COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW plaintiffs, through their undersigned attorney, and very respectfully state, allege and pray:

### I. JURISDICTION

1.      Jurisdiction exists pursuant to 28 USC § 1332, because there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy in each claim exceeds the sum of $75,000.00, exclusive of interests and costs. The plaintiffs are citizens

of the states of New York and Florida, and all the defendants are citizens of the Commonwealth of Puerto Rico.

## II. DEMAND FOR TRIAL BY JURY

2. Plaintiffs demand that all issues of material facts be tried to by a jury.

## III. PARTIES

3. Plaintiff Ángel Luis Cardona Ríos is of legal age, single and resident of the state of New York.

4. Plaintiffs Glenn Michael Cardona Zambrano, Eric Lee Cardona Zambrano and Ángel Cardona Plaza are the sons of plaintiff Cardona Ríos. They are of legal age and residents of the state of New York.

5. Plaintiff Migna Teresa Ramos Cardona is a sister of plaintiff Cardona Ríos. She is of legal age and resident of the state of Florida.

6. Codefendant Puerto Rico Aqueduct and Sewer Authority ("**PRASA**") is a public corporation and instrumentality of the Commonwealth of Puerto Rico, created under Act No. 40 of May 1, 1945, as amended. It is the owner and operator of Puerto Rico's public water supply and wastewater systems, including all aqueduct and sanitary sewer connections. As such, PRASA establishes the standards for aqueduct and sanitary sewer connections, which have to be approved and installed according to its requirements. At the time of Plaintiff Ángel Cardona Ríos' accident described hereinafter (**the accident**), PRASA was responsible to take all the necessary safeguards to avoid that the excavations and any work performed on public roads create a hazardous condition for the vehicles driving by them.

7. Codefendant Puerto Rico Highways and Transportation Authority ("**PRHTA**") is a public corporation created pursuant to Act No. 74 of June 23, 1965, as amended. PRHTA was

created for the purpose of constructing, operating, and maintaining Puerto Rico's toll road network, state roads, highways, and mass transportation facilities. PRHTA was responsible for the maintenance and control of the state road in which the accident occurred, and it is responsible for the liability imposed by Article 404 of the Political Code of Puerto Rico and/or Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141.

8. In the alternative, codefendant C Insurance Company is the fictitious name of the insurance company of Puerto Rico Department of Transportation and Public Works (**PRDTPW**), who had in full force and effect an insurance policy, covering the risks alleged in the complaint, and it is joint and severally liable to plaintiffs. As soon as its real name becomes available, plaintiffs will make the corresponding amendment to the complaint. It's insured the Commonwealth of Puerto Rico, through its public instrumentality PRDTPW, is responsible for the maintenance and control of the state road in which the accident occurred, and it is responsible for the liability imposed by Article 404 of the Political Code of Puerto Rico and/or Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141.

9. Codefendant MAPFRE PRAICO Insurance Co. (MAPFRE) is the insurance company, who had in full force and effect an insurance policy, on behalf of each or any of the defendants, covering the risks alleged in the complaint, and it is joint and severally liable to plaintiffs.

10. Codefendant Universal Insurance Company (Universal Insurance) is the insurance company, who had in full force and effect an insurance policy, on behalf of each or any of the defendants, covering the risks alleged in the complaint, and it is joint and severally liable to plaintiffs.

11. Codefendant Client ABC is the fictitious name used to identify any natural or legal person who had requested from PRASA the service of aqueduct and/or sanitary sewer and/or installation of a water meter for a house or commercial premises, at the site of the accident. As such, it was responsible to take all the necessary safeguards to avoid the hazardous conditions which were the cause of plaintiff Cardona's accident, such as providing illumination, warning signs, traffic barrels or drums and any other safeguard measure warning about the excavation and/or repair that was being carried out in the area; or safeguards measures for traffic control in the lane where the excavation and/or repair work was being carried out. As soon as its real name becomes available, plaintiffs will make the corresponding amendment to the complaint.

12. John Doe, Richard Roe, and Y Corporation are the fictitious names used to identify the natural persons and/or legal entities, which are jointly and severally liable for the damages claimed, who negligently contributed to the accident described hereinafter. As soon as their real names become available, plaintiffs will make the corresponding amendment to the complaint.

13. Codefendants AB Insurance, Corp. and XY Insurance Company are the fictitious names of the insurance companies, who had in full force and effect insurance policies, on behalf of each or any of the codefendants, covering the risks alleged in the complaint, and they are joint and severally liable to plaintiffs. As soon as their real names become available, plaintiffs will make the corresponding amendment to the complaint.

14. The Puerto Rico Automobile Accident Compensation Administration is included herein to give it notice of this legal action, pursuant to Act No. 111-2020, although it did not incur in any expenses in relation to plaintiff Ángel Cardona Ríos' accident.

## IV. FACTUAL BACKGROUND

15.     Plaintiffs incorporate by reference all the above paragraphs as though fully set forth herein.

16.     At the time of the accident described hereinafter, plaintiff Ángel Luis Cardona Ríos was 57 years old (he was born on July 19, 1961).

17.     On August 10, 2018, at approximately 10:35 p.m., plaintiff Ángel Luis Cardona Ríos and Mr. John Almasy were driving in their respective motorcycles, from North to South by PR Road 199, in San Sebastián. Plaintiff Cardona Ríos was driving his Harley Davidson 1994, license plate 230309, and, when he reached kilometer 27.7 (where the road is a flat curve) he did not see an excavation in the road made by any of the defendants. At the time of the accident, there were no illumination, signs, traffic barrels or drums in the area, nor any other safeguard, warning about the hazardous conditions on the road, caused by the excavation and/or work that was being performed in the area; nor any safeguard measure for traffic control in said lane.

18.     The investigation at the site of the accident was conducted by Agent Carlos Vélez Torres, Badge # 22139, who determined in his Traffic Accident Report that the road was defective due to holes; the accident was related to a construction; the surface was unpaved and muddy; the vision was obstructed; the area was dark, without illumination; and the weather was rainy.

19.     As a result, plaintiff Cardona Ríos' motorcycle fell in the excavation, which had been covered with loose soil, that the rain and vehicles turned into mud, creating a muddy hole with deep unevenness of approximately 4' x 4'. When the motorcycle fell into the excavation, it skidded, and both, the motorcycle and Plaintiff Cardona, went up and spined out in the air and then crashed against the pavement. Plaintiff Cardona fell at a distance of 4'- 6' from the area of

the excavation. The head impact was so severe that, even though he had the protective helmet, he began to bleed profusely by his right-side temple, became unconscious and, while moaning, he could not move nor speak. In addition, he fractured his right leg and arm.

20.     Plaintiff Cardona's friend Mr. John Almasy, who was riding behind him, witnessed the accident. He immediately got off his motorcycle, approached plaintiff and realized how serious his injuries were. At that time, some people who were driving by this road stopped and Mr. Almasy, who does not speak Spanish, asked them to call 911. Said people also put the motorcycle upright, along with Mr. Noel Soto, who arrived at the area after Mr. Almasy called the Lama Club to inform them about the accident.

21.     When the ambulance arrived, plaintiff Cardona received first aid treatment and was transferred to the San Carlos de Moca Hospital. He arrived to said Hospital at 11:15 pm, with an open head trauma, active bleeding, multiple hematomas in legs, arms, and thorax, nonresponsive, lungs with decreased bronchial noises, and atelectatic changes (*a collapsed of one or more areas in the lung*). The physician proceeded to intubate him and to stabilize his vital signs. At 2:30 am, he was transferred unstable by air ambulance to the Medical Center in San Juan, Puerto Rico (Medical Center). In the Medical Center, Plaintiff Cardona Ríos was diagnosed with traumatic brain injury RLA III, bilateral pulmonary contusion, hemorrhage liver segment with lesion, respiratory failure, left lung atelectasis, and partial motor paralysis of the right arm. He had to undergo a tracheostomy on August 17, 2018. Plaintiff Cardona Ríos was hospitalized at the Medical Center until September 20, 2018; and then at the Veterans Hospital, until September 30, 2018.

22.     Plaintiff Cardona Ríos' closest family resides outside of Puerto Rico: his children in New York state and his parents and sister in Florida state. His children temporarily moved to

Puerto Rico to take care of him during his hospitalization. They requested the San Juan Veterans Hospital to transferred Plaintiff Cardona Ríos to Syracuse Veteran Hospital, but air ambulance transportation was not approved.

23. On September 30, 2018, the San Juan Veterans Hospital authorized Plaintiff Cardona Ríos to be transfer to New York, to continue medical care and rehabilitation service. His children bought an air ticket to transferred him on that same date in a regular commercial flight to New York. Nevertheless, when the flight made a stopover at Orlando, Florida, Plaintiff Cardona Ríos became so ill that he had to be taken immediately to Orlando Health Medical Center, where he was hospitalized until October 31, 2018. Subsequently, plaintiff Cardona Ríos was transferred to Syracuse Veteran Hospital, in New York, where he was hospitalized from November 3 to November 15, 2018. During all his hospitalization plaintiff Cardona Ríos received many therapies for his condition. After his discharge from the hospitals, he has been receiving home therapies for several months and he is still undergoing outpatient medical treatment in New York.

## V. DAMAGES SUFFERED BY ÁNGEL CARDONA RÍOS

24. Plaintiffs incorporate by reference all the above paragraphs as though fully set forth herein.

25. As a result of defendants' negligent acts or omissions, plaintiff Cardona Ríos has suffered multiple traumas and severe physical injuries, including severe traumatic brain injury RLA III (which require him to receive total assistance), frontal lobe hemorrhage of the brain, diffuse axonal injury (DAI), collapse of the left lung, respiratory failure due to bilateral respiratory pulmonary contusion that required mechanical intubation, hemorrhagic injury of segment VII of the liver, partial motor paralysis of the right arm; he had to undergo a

tracheostomy on August 17, 2018; he had undergo two additional surgeries; and he was left with three scars on his head and arm of approximately 2" each and several scars on his arm and right leg of 3-4" each.

26. In addition, Plaintiff Cardona Ríos has suffered and will continue to suffer excruciating physical pains, severe mental, moral, psychological and emotional anguishes, disruption of his social and family life, and post-traumatic stress disorder (PTSD) and depression. He has been and will be permanently deprived of ordinary pleasures of life, loss of well-being, and equanimity; he can barely sleep, he needs help to get up, bathe and get dress; his overall health, strength, and vitality has been total and permanently impaired; and he will need a caregiver and medical treatment for the rest of his life. All these physical and emotional damages have caused him a total permanent impairment of his whole person.

27. These damages suffered by plaintiff Cardona Ríos are valued in a sum no lower than $2,000,000.00.

### V. DAMAGES SUFFERED BY PLAINTIFFS GLENN MICHAEL AND ERIC GLENN CARDONA ZAMBRANO, AND ÁNGEL CARDONA PLAZA

28. Plaintiffs incorporate by reference all the above paragraphs as though fully set forth herein.

29. As a result of defendants' negligent acts or omissions, plaintiffs Glenn Michael Cardona Zambrano, Eric Lee Cardona Zambrano, and Ángel Cardona Plaza —plaintiff Cardona Ríos' sons— had to urgently move to Puerto Rico to take care of their father during his hospitalization in the Island. They have suffered and continue to suffer immeasurable mental and emotional anguishes, due to their father's severe physical and emotional damages and suffering, his imminent risk of death during his hospitalizations, and his severe and permanent physical and

emotional damages and health conditions after his hospitalizations. In addition, they have feared and continue to fear for their father's life; they have suffered and continue to suffer fear that their father will never recover his health, particularly because he has needed and will continue to need medical treatment and a caregiver for the rest of his life; and, they have suffered limitations in their family and social life.

30. The damages suffered by each plaintiff are valued in a sum no lower than $1,000,000.00.

## VI.   DAMAGES SUFFERED BY PLAINTIFF MIGNA TERESA RAMOS CARDONA

31. Plaintiffs incorporate by reference all the above paragraphs as though fully set forth herein.

32. As a result of defendants' negligent acts or omissions, plaintiff Teresa Ramos Cardona Plaza has suffered and continue to suffer immeasurable mental and emotional anguish due to her brother's severe physical and emotional damages and suffering, his imminent risk of death during his hospitalizations, and his severe and permanent physical and emotional damages and health conditions after his hospitalizations. In addition, she has feared and continue to fear for his brother's life; she has suffered and continue to suffer fear that her brother will never recover his health, particularly because he has needed and will continue to need medical treatment and a caregiver for the rest of his life; and, she has suffered limitations in her family and social life.

33. The damages suffered by plaintiff are valued in a sum no lower than $150,000.00.

## VII. SPECIAL DAMAGES

34. Plaintiffs incorporate by reference all the above paragraphs as though fully set forth herein.

35. As a result of defendants' negligent acts or omissions, plaintiff Cardona Ríos shall need to receive medical treatment and special care for the rest of his life. The future cost of plaintiffs Cardona Rios' rehabilitation and life care plan is valued in a sum no lower than $4,000,000.00, which includes —but is not limited to— the costs of: medical treatment; medications; medical equipment; physical and vocational rehabilitation treatment; a caregiver for the rest of his life to assist him in the household chores, personal care, and transportation to medical appointments and physical and vocational rehabilitation treatment; and any other expenses, direct or indirectly related to his health condition, life and medical needs.

36. In addition, as a result of defendants' negligent acts or omissions, plaintiffs have spent a sum no lower than $30,000.00 in travel, transportation and hotel expenses in Puerto Rico, Florida, and New York; uncovered medical treatment; and, loss of income, among others.

## VIII. NEGLIGENCE AND CAUSATION

37. Plaintiffs incorporate by reference all the above paragraphs as though fully set forth herein.

38. The abovementioned accident and all damages suffered by plaintiffs were caused by the negligent acts or omissions of PRASA, PRHTA, PRDTPW, Client ABC, John Doe, Richard Roe, and/or Y Corporation, who breached their legal duty to take all necessary safeguards to avoid the hazardous conditions that caused plaintiff Cardona's accident. As above stated, they did not provide illumination, signs, traffic barrels or drums nor any other safeguard, warning about the excavation and/or work that was being performed in the area, nor any other safeguard for traffic control in the lane. In addition, they were negligent in excavating the road and filling it only with loose soil, even though it was foreseeable that the rain and the vehicles

driving by it could remove the soil and turn it into mud, creating a muddy hole of deep unevenness, which would constitute, as in fact constituted, a hazardous condition.

39. Plaintiff Cardona Rios did not incur in comparative negligence, because he was driving with due diligence, within the speed limits allowed by law. In addition, he could not avoid the accident, nor could he foresee or observe the existence of the muddy hole with deep unevenness in almost the entire lane on which he was driving, because the area was dark, with no lighting, signs, or safeguards to warn the vehicles passing through it about these hazardous conditions.

40. The abovementioned negligent acts or omissions by defendants constituted a cause of action under Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141, and/or Article 404 of the Political Code of Puerto Rico, and they were the adequate legal cause of the damages suffered by plaintiffs, as claimed herein.

41. Defendants are joint and severally liable to plaintiffs for all the damages claimed herein.

## IX. TOLLING OF THE STATUTE OF LIMITATION

42. Plaintiffs incorporate by reference all the above paragraphs as though fully set forth herein.

43. Plaintiffs tolled the statute of limitations by filing on August 8, 2019, the civil action No. AG2019CV01064, *Ángel Luis Cardona Ríos, et als. v. Autoridad de Acueductos y Alcantarillados de Puerto Rico, et als.*, before the Commonwealth of Puerto Rico, Aguadilla Part. The complaint was voluntarily dismissed without prejudice on September 22nd, 2020. *Agosto v. Mun. de Río Grande*, 143 DPR 174 (1997); *Sánchez Piñero v. Dept. of Hous. and Urban Dev.*, 592 F.Supp.2d 233 (D. P.R. 2008).

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment on behalf of plaintiffs and against defendants, as jointly and severally liable, in the amounts requested herein, plus interests from the date of the filing of this complaint, costs, expenses and reasonable attorney's fees.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th. day of September 2021.

**S/HENRY VÁZQUEZ IRIZARRY**
USDC ID. NO. 205011
**BUFETE VÁZQUEZ IRIZARRY, C.S.P.**
1018 Ashford Avenue,
Condado Astor, Suite 3A-5
San Juan, PR 00907
Tel. (787) 724-7514 - (787) 645-2241
Fax (888) 518-1318
hvilaw@gmail.com